**Sharon E. McMICHAEL, Appellant,**

v.

**Jeremy J. McMICHAEL.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1996.

Filed Oct. 3, 1997.

Linda M. Gross, York, for appellant.

Charles R. Gerow, Mechanicsburg, for appellee.

Before HUDOCK, SAYLOR and HOFFMAN, JJ.

---

HOFFMAN, Judge:

This is an appeal from an order entered on January 16, 1996, dismissing appellant Sharon (McMichael) Riddle's petition following issues for our review:

1. Did the trial court abuse its discretion by failing to schedule a hearing on [appellant's] request for a modification of the child support provision of the marital settlement agreement pursuant to 23 Pa.C.S. Section 3105(B)?

2. Did the trial court abuse its discretion by entering an order which acted to discriminate against [appellant] by treating her differently and denying her the same rights as other child support obligers in violation of to the United States Constitution?

3. Did the trial court abuse its discretion by failing to apply the rules, statutes, policies and procedures used by the Domestic Relations office and by failing to refer the matter to the Domestic Relations office, wasting precious court time which offends public policy and is not in keeping with the concept of judicial economy?

Appellant's Brief at 9.

Appellant mother, Sharon (McMichael) Riddle, and appellee father, Jeremy J. McMichael, are the parents of Mark Andrew McMichael, born May 4, 1990, and Zachary James McMichael, born September 17, 1992. On August 22, 1994, the parties entered into a written marital agreement in which appellant agreed to pay appellee $337.00 per month in child support. Furthermore, the agreement provided that:

No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties and no waiver of any subsequent default of the same or similar nature.

Trial Court Order 1/16/96. On October 11, 1994, a decree in divorce was entered which incorporated the August 22, 1994 agreement. Appellant mother subsequently filed a petition to decrease her child support agreement, which the trial court denied. This timely appeal followed.

■ Initially, we note that a child support order will be overturned only where it is found that the trial court abused its discretion either by a misapplication of the law or an unreasonable exercise in judgment. *Scheidemantle v. Senka*, 371 Pa.Super. 500, 538 A.2d 552 (1988).

Appellant claims that the trial court erred in denying her petition and determining that the child support agreement could not be modified downward.

■ The statute governing the effect of a divorce agreement between parties provides in pertinent part:

(A) **ENFORCEMENT.**-A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

(b) **Certain provisions subject to modification.**-A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

23 Pa.C.S. § 3105(a),(b) (effective Dec 19, 1990, replacing former Rule 401.1).[1] This Court has stated, however, that with regard

---

1. Appellant also argues that she is entitled to relief pursuant to Pa. R.C.P.1910.16 *et seq.*, governing the application of support guidelines. However, in her statement of questions, appellant cites only 23 Pa.C.S. § 3105 in support of her claim. *See* Pa. R.A.P. 2116(a) (no point will be considered which is not set forth in the statement of questions involved). Furthermore, appellant's petition to reduce support was based on section 3105. Moreover, we note that Rule 1910.16 applies to actions in support where a trial court has entered a support order and a party subsequently requests recomputation of the support award. Here, appellant did not file an action in support but rather an action to modify the parties' agreement. *See Klahold v. Kroh*, 437 Pa.Super. 150, 649 A.2d 701 (1994) (Rule 1910.16 *et seq.* applies to cases where an initial support order has already been entered by the court and a party now seeks to have the support obligation recomputed).

to the reduction of child support provided for in an agreement between parties,

> [A] support provision in [an] agreement constitutes the level below which support may not be modified. Courts have general authority to modify their own support orders based upon changed circumstances. However, this does not permit modification below the level of support set forth in the agreement of the parties where the court has incorporated that agreement as part of its support order. The support obligation set forth in the agreement is an independent financial obligation between the parties. Support may be modified upward based on the unavoidable obligation which a parent owes to meet the reasonable needs of a dependent child, *but this rationale does not extend to downward modification of the level of support set forth in parties' agreement* once the court has adopted their agreement.

■ *Nicholson v. Combs*, 437 Pa.Super. 334, 342, 650 A.2d 55, 59 (1994)[2] (citations omitted)(emphasis added).[3] *Accord Millstein v. Millstein*, 311 Pa.Super. 495, 457 A.2d 1291 (1983) (a separation agreement will not preclude a court from *increasing* a parent's child support obligation beyond the amount provided in the agreement, but the agreement may preclude a parent from decreasing his or her child support obligation to an amount less than the amount provided in the agreement); *Guerin v. Guerin*, 296 Pa.Super. 400, 442 A.2d 1112 (1982) (father could not escape his promise to pay an agreed amount of child support by proving a change in circumstances); *Snively v. Snively*, 206 Pa.Super. 278, 212 A.2d 905 (1965) (parent cannot bargain away the right of a minor child to adequate support). *See also Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988) ("[Section 3105] preserves to the court the ability to modify child support, [an area] where the ability of the court to *ensure that the child's best interests are served* has always been regarded as being of paramount importance.") (Beck, J., concurring and dissenting) (emphasis added).

■ In the instant case, the trial court relied on *Nicholson v. Combs, supra*, in concluding that the parties' bargained-for, non-modifiability provision for child support could not be reduced.[4] We find that the trial court properly relied on *Nicholson* in reaching its determination, and furthermore, we agree with the reasoning of the above-cited cases that a reduction of a child support order does not comport with the best interests of the child. Thus, we find that the trial court did not err in denying appellant's petition without a hearing.[5] *Cf. Knorr, supra* (appellee father entitled to to have his petition to reduce support considered on its merits where father did not seek to modify the agreement entered into between the parties, but rather sought to reduce amount of the support order entered by the court in response to a separate and distinct petition filed by appellant mother). Accordingly, we dismiss appellant's claims.[6]

---

2. The Pennsylvania Supreme Court has granted allocatur in *Nicholson* and a decision is pending. *See Nicholson v. Combs*, 540 Pa. 613, 656 A.2d 119 (1995).

3. *See also Knorr v. Knorr*, 527 Pa. 83, 588 A.2d 503 (1991), where our Supreme Court held that while parties to a divorce had the right to bargain between themselves, such parties

> have no power [ ] to bargain away the rights of their children. Their right to bargain for themselves is their own business. They cannot in that process set a standard that will leave their children short. Their bargain may be eminently fair, give all that the children might require and be enforceable because it is fair. *When [the parties' agreement] gives less than can be given to provide for the best interests of the children*, it falls under the jurisdiction of the court's wide and necessary powers to provide for that best interest.

4. While the *Nicholson* court did not specifically analyze Section 3105, it relied on *Sonder v. Sonder* in reaching its conclusions, and the *Sonder* Court did analyze Section 401.1, which has since been replaced by Section 3105.

5. Furthermore, we note that appellant did have the opportunity to present the trial court with evidence supporting her request to reduce her child support payments at the October 5, 1995, hearing on father's petition for contempt. Appellant's Brief at 11. Accordingly, we find that appellant has failed to establish that her due process rights were violated.

6. In her third issue on appeal, appellant argues that the trial court was required to open a file with the Domestic Relations Office. However, as appellant has failed to support her claim with citations to relevant authority, we dismiss this

Trial court order affirmed.

Affirmed.

claim. Pa. R.A.P. 2119(a),(b); *See Bunt v. Pen-
sion Mortg. Associates, Inc.*, 446 Pa.Super. 359,
666 A.2d 1091 (1995) (where appellant failed to
cite any authority in support of a contention, the
claim is waived); *Hahalyak v. A. Frost, Inc.*, 444
Pa.Super. 494, 664 A.2d 545 (1995) (appellant
waived issue on appeal by failing to properly
develop argument through citations to legal au-
thority).