J-A23009-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| KENNETH J. SCANLON, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH M. PIRRO, | : | |
| | : | |
| Appellee | : | No. 1803 WDA 2013 |

Appeal from the Order entered October 31, 2013,
Court of Common Pleas, Allegheny County,
Family Court at No. FD11-006795-006

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED SEPTEMBER 18, 2014**

In this child support action, Kenneth J. Scanlon, Jr. ("Father") appeals from the order of court denying his exceptions to the hearing officer's report and recommendations and adopting the hearing officer's recommendations as a final order. Following our review, we affirm.

The facts underlying this appeal, as found by the trial court, are as follows:

> Father and plaintiff Elizabeth M. Pirro ('Mother') were married on October 12, 2002 and divorced in August of 2011. They are the parents of one child, ['Child'], born October 30, 2003. The child has been diagnosed with pervasive development disorder and verbal apraxia. In contemplation of divorce, the parties executed three written agreements on February 10, 2011. One agreement governs the parties financial obligations, including child support ('Agreement'). In accordance with the Agreement, Father is to pay Mother $1,500 per month for child support until the child is 18 and finished schooling.

Father paid Mother $1500 per month until August of 2011 when Mother's driver license was suspended for two months and he had additional custody time. After a heated discussion with Mother, Father unilaterally reduced the amount of support from $1500 to $700. In May of 2012, Father further reduced his child support payment to $500 per month. In September 2012, he discontinued all payments. On November 7, 2012, Mother filed a Petition to Enforce the Agreement. On November 8, 2012, an interim order was entered for Father to pay in accordance with the Agreement. Father failed to pay as ordered. Father filed a Complaint seeking a guideline support calculation. The matters were heard together by the [h]earing [o]fficer on May 24, 2013.

Father is employed as a detective with the Allegheny County Police Department. His W-2 income was $77,244 in 2011, $83,583 in 2012 and on track to be at least $90,000 in 2013. Mother was seeking employment when the Agreement was signed and the parties anticipated that she would have income of $20,000 to $30,000. The next month she obtained a job and earned $16,650 in 2011. In 2012, she earned $24,224. At time of the hearing, she was on track to earn $26,987 in 2013. With the exception of two months in 2011, the parties have always shared custody 50/50. At the hearing, Father testified that Mother agreed to the oral modification of the Agreement by not seeking to enforce the Agreement when he reduced the payments. Alternatively, he sought a downward modification to bring his payment in line with the support guidelines. Mother denied that she agreed to any oral modifications. She argued that the child support provisions were an integral part of the parties global settlement of financial matters and therefore not subject to modification. Father did not contest the validity or enforceability of the Agreement at the hearing. The [h]earing [o]fficer found insufficient evidence to support an oral modification of the

- 2 -

Agreement and no change of circumstances warranting a downward modification. The Hearing Officer recommended that Father's child support complaint be dismissed and that he pay $1500 per month in accordance with the Agreement. Father's exceptions were dismissed and he timely appealed.

Trial Court Opinion, 3/11/14, at 2-4.

On appeal, Father presents the following three issues:

1. Did the [trial court] fail to recognize a change in law since adoption of the 1988 [D]ivorce [C]ode and err in upholding the Hearing Officer's recommendation based upon pre-[C]ode case law preventing a downward modification and ultimately err in failing to order an appropriate guidelines support obligation according to the parties' relative present income and custodial situation[?]

2. Did the [trial court] fail to recognize significant changes in circumstances warranting a modification and dismiss those changes as insufficient to warrant a modification[?]

3. Did the [trial court] err in nevertheless finding the agreement enforceable and non-modifiable[?]

Appellant's Brief at 5. We consider Father's issues cognizant of our standard of review, which is as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either

> manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***K.J.P. v. R.A.P***., 68 A.3d 974, 978 (Pa. Super. 2013) (citation omitted).

Father first argues that the hearing officer and trial court erred in relying on case law that pre-dates the adoption of the 1988 amendments to the Divorce Code in arriving at the conclusion that Father's child support obligation could not be modified to an amount below the amount specified in the Agreement. Appellant's Brief at 8. Father argues that pursuant to 23 Pa.C.S.A. § 3105(b), an agreement for child support is subject to downward modification upon a showing of a change in circumstances, regardless of the terms of the agreement. ***Id.*** at 9. Father is correct in that the case cited by the hearing officer in support of her decision that his support obligation could not be less than what he agreed to, ***Nicholson v. Combs***, 650 A.2d 55 (Pa. Super. 1994), was decided prior to the 1988 amendments to the Divorce Code. Father fails to recognize, however, that the trial court did not rely on the ***Nicholson*** case. Rather, the trial court recognized the hearing officer's error and concluded that, as Father posits, section 3105(b) allows the downward modification of a child support agreement, despite the terms of the agreement, upon a showing of changed circumstances. ***See*** Trial Court Opinion, 3/11/14, at 6 ("This case is governed by 23 Pa.C.S.A. § 3501 … under [] § 3501(b), a 'provision of an agreement regarding child support …

shall be subject to modification by the court upon a showing of changed circumstances.'") (quoting 23 Pa.C.S.A. § 3501(b)).

Father's real quarrel is contained in his second issue, in which he argues that the trial court erred by failing to find that he demonstrated a change in circumstances warranting a reduction in his child support obligation. First, he argues that the amount of support in the parties' agreement contemplates that Mother have primary custody of Child, but that they have been sharing custody of Child equally. Father argues that this "change in custodial situation" should result in a decrease of support. Appellant's Brief at 10 (citing Pa.R.C.P. 1910.16-4(c), which provides for a reduction in an obligor's child support obligation when the parties share custody). Father's own testimony belies his claim that the custodial arrangement has changed. At the hearing, he testified unequivocally that Mother never had primary custody, that the parties have always had shared custody of Child except for a two-month period in 2011, and that they continue to share custody. N.T., 5/24/13, at 16-18, 42.

Father also cites a "significant" change in the parties' incomes since they entered into the Agreement as change in circumstance so as to warrant a reduction in his child support obligation. Appellant's Brief at 10. While acknowledging that his income also increased, Father argues that the increase in Mother's income from 2011 to 2013 is so substantial that the trial

court should have found it to be a change in circumstance warranting an adjustment to Father's support obligation. Appellant's Brief at 10-11.

The record reveals that both parties' incomes have increased since they signed the Agreement in 2011. Father earned $77,244 in 2011, $83,584 in 2012, and was on pace to earn $ 91,578 in 2013. N.T., 5/24/13, at 62-66. Mother was employed for approximately nine months in 2011 and earned $16,605. She earned $24,224 in 2012 and was on track to make a total of $26,988 in 2013. *Id.* at 76-78. The evidence indicates that had Mother been employed for all of 2011, she would have earned approximately $22,140. Mother's income increased by $4,848, or 22%, between 2011 and 2013, and Father's income increased $14,334, or 19%, over the same period. Thus, contrary to Father's claim that Mother's income has greatly increased, Mother's increase in income did not significantly outpace Father's, as the parties' incomes increased by nearly identical proportions. Proportionality aside, as the trial court noted, Mother's income remains modest while Father makes approximately three and a half times more money than she does. We therefore find no error in the trial court's conclusion that the increase in Mother's income does not warrant a reduction of Father's child support.

In his third issue, Father argues that the trial court erred in finding that the Agreement was valid and enforceable. Appellant's Brief at 11. The trial court concluded that Father waived this issue, and we agree. During the

hearing before the hearing officer, Father expressly and unequivocally stated that he was not challenging the validity of the Agreement.  N.T., 5/24/13, at 8.  Because Father did not raise the issue of the Agreement's validity before the trial court, he cannot do so now on appeal.  **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2014