J-A26013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELIZABETH M. PIRRO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH J. SCANLON, JR., | |
| Appellant | No. 1716 WDA 2015 |

Appeal from the Order October 2, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD11-006795-006

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 12, 2016**

Kenneth J. Scanlon, Jr. (Father), appeals from the order entered on October 2, 2015, that granted Elizabeth M. Pirro's (Mother) exceptions to the hearing officer's recommendations related to Father's petition seeking a modification of the amount of child support he pays pursuant to an agreement entered into by the parties.  We affirm.

The trial court provided the following, extensive factual and procedural history of this matter, stating:

> The parties were married on October 12, 2003[,] and divorced in August of 2011.  They are the parents of one child, [Child], born [in] October [of] 2003.  [C]hild has been diagnosed with pervasive development disorder and verbal apraxia.  In contemplation of divorce, the parties executed three written agreements on February 10, 2011.  The agreement relevant to this appeal is the one that governed the parties' financial obligations, including child support[] ("Agreement").  The Agreement provides that Father is to pay Mother child support in

the amount of $1,500 [per month] until [C]hild is 18 and finished [with] school.

Father paid child support in accordance with the Agreement until August of 2011, at which time Mother's driver's license was suspended and Father was required to spend additional time with [C]hild. After a heated discussion, Father unilaterally reduced the amount of support from $1500 to $700. In May of 2012, Father further reduced his child support payment to $500 per month. In September 2012, he discontinued all payments. On November 7, 2012, an interim order was entered for Father to pay in accordance with the Agreement. Father filed a Complaint seeking a guideline support calculation and a hearing was held on May 24, 2013.

At the time of the May 24, 2013 hearing, Father was employed as a detective with the Allegheny County Police Department. His W-2 income was $77,244 in 2011, $83,583 in 2012 and on track to be at least $90,000 in 2013. Mother was seeking employment at the time and it was anticipated that she would secure employment with income of $20,000 to $30,000. One month after the Agreement was executed, Mother obtained a job. She earned $16,650 in 2011, $24,224 in 2012 and was on track to earn $26,987 in 2013. Father argued that Mother agreed to a downward modification by failing to seek to enforce the Agreement when he unilaterally reduced the child support payments. Alternatively, he claimed that he was entitled to a guideline support order. Father did not contest the validity or enforceability of the Agreement.

The Hearing Officer found insufficient evidence to support an oral modification of the Agreement and no change of circumstances to warrant a downward modification of Father's contractual support obligation. Father filed exceptions, which were dismissed. Father appealed to the Superior Court at []1803 WDA 2013. Th[e] Superior Court affirmed the trial court's decision, finding no substantial change of circumstances to justify downward modification.[1]

---

[1] *Scanlon v. Pirro*, 107 A.3d 231 (Pa. Super. 2014) (unpublished memorandum) (*Scanlon I*).

In October of 2014, Father presented in Motions Court a Petition for Modification of Support, again seeking downward modification based on changed circumstances. Father was denied a hearing based on insufficient facts warranting modification. At Father's request, the case was placed on the PACSES system so that he would not have to deal directly with Mother.

In March of 2015, Father filed another Petition for Modification, and a hearing was held before Hearing Officer Susan Weber on May 8, 2015. At the conclusion of the hearing, the Hearing Officer issued a recommendation that Father's petition be granted and that his child support obligation be reduced from the contractually agreed amount of $1,500 per month to a guideline order of $749.46. Mother filed exceptions to the Recommendation, which were granted by the [trial] [c]ourt.

Trial Court Opinion (TCO), 12/16/15, at 2-4. Specifically, the October 2, 2015 order from which Father now appeals, directed Father to pay $1,500 per month plus $200 a month in arrears. Thus, the monthly support payment was again in accordance with the parties' Agreement.

In support of that determination, the trial court explained in its opinion that:

[T]here is no question … that the Agreement is modifiable pursuant to 23 Pa.C.S.A. §3105(b). In **Nicholson v. Combs**, 703 A.2d 407, 414 (Pa. 1997), the Pennsylvania Supreme Court held that downward modification of a contractual support obligation is allowable in the face of unforeseen circumstances. However, the Court reaffirmed that parties should be held to their agreements unless interference is necessary to protect the best interests of the child. 703 A.2d at 412. In order to be entitled to a downward modification, Father must show that his financial circumstances have changed such that he is no longer financially able to afford the payments he agreed to make. **McClain v. McClain**, 872 A.2d 856 (Pa. Super. 2005). It is not enough that Father show that circumstances have changed since the Agreement. Section 3105 permits downward modification of

- 3 -

the Agreement if Father demonstrates an inability to pay. ***Boullianne v. Russo***, 819 A.2d 577, 581 (Pa. Super. 2003).

TCO at 5.

Father filed a timely appeal from the October 2, 2015 order and in response to the trial court's order issued pursuant to Pa.R.A.P. 1925(b), he filed a concise statement of errors complained of on appeal  Father now raises the five issues for our review:

> 1.   The trial court erred in granting [Mother's] exceptions to hearing officer's recommendations because the parties "financial obligations" Agreement dated February 10, 2011 is modifiable pursuant to 23 Pa.C.S. § 3105(b).
>
> 2.  The trial court erred in granting Mother's exceptions because the Pennsylvania child support guidelines changed in 2013[,] which is a substantial change in circumstances pursuant to Pennsylvania Rule of Civil Procedure 1910.19(a).
>
> 3.  The trial court erred in granting Mother's exceptions because Mother failed to report her loss of employment (a substantial reduction in income), and subsequent reemployment (a substantial increase in income), both of which would have resulted in Father's support obligation being reviewed.
>
> 4.  The trial court erred in granting Mother's exceptions because there are multiple substantial changes in the parties' income since the February 10, 2011 financial agreement was executed.
>
> 5.  The trial court erred in granting Mother's exceptions because the parties' financial agreement was put onto the Pennsylvania child enforcement system by order of court dated November 24, 2014, and thus subjecting Father to wage attachment and all enforcement remedies, but not permitting Father to obtain a guidelines review.

Father's brief at 6.

Initially, we note that when reviewing a child support order, we are guided by the following well-settled standard:

"When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." *Calabrese v. Calabrese*, 452 Pa. Super. 497, 682 A.2d 393, 395 (1996). We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. *Id*. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. *Depp v. Holland*, 431 Pa. Super. 209, 636 A.2d 204, 205-06 (1994). *See also Funk v. Funk*, 376 Pa. Super. 76, 545 A.2d 326, 329 (1988). In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests. *Depp*, 636 A.2d at 206.

*McClain*, 872 A.2d at 860 (quoting *Samii v. Samii*, 847 A.2d 691, 694 (Pa. Super. 2004)).

In Father's brief, he first presents arguments related to issues 1, 3, and 4 together. He begins by citing 23 Pa.C.S. § 3105(b), which states that "[a] provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances." Therefore, based on the language of Section 3105(b), Father lists the substantial changes in circumstances in the instant matter as "(1) Father's increased income, (2) Mother's unreported loss of employment, (3) Mother's subsequent increase in income, (4) more than four years elapsing since the parties' financial agreement, and (5) the 2013 changes [to] the Pennsylvania Child Support Guidelines." Father's brief at 11.

Father also cites *Scanlon I*, wherein this Court acknowledged that *Nicholson v. Combs*, 650 A.2d 55 (Pa. Super. 1994) (*Nicholson I*), which

- 5 -

indicated that a support obligation could not be less than what had been agreed to, was decided before the 1988 amendments and, therefore, is not applicable to the case before this Court because the Agreement at issue was entered into in 2011. He also points out that **Scanlon I** recognized that Section 3505(b) could be the basis for a downward modification of a child support agreement upon the showing of changed circumstances. Father further mentions that **McMichael v. McMichael**, 700 A.2d 1337 (Pa. Super. 1997), a case that cites **Nicholson I**, is not applicable to the present circumstances because here the Agreement does not contain a no-modification clause as was the case in **McMichael**. Thus, he claims that a review must be based upon a change of circumstances pursuant to Section 3505(b).

Specifically relating to the unreported changes in Mother's income, Father contends that the trial court's reliance on a proportionate growth in the parties' incomes was misplaced. He also asserts that his support payment of twice the guideline amount prejudices Child when he is Father's custody. He explains this conclusion by noting that the parties share physical custody of Child, citing **Kraisinger v. Kraisinger**, 928 A.2d 333, 340 (Pa. Super. 2007), which provides that "parties can make an agreement as to child support if it is fair and reasonable, made without fraud or coercion, and does not prejudice the welfare of the children." The **Kraisinger** case also states that parents "have no power, however, to bargain away the rights of their children…." **Id.** Lastly, Father contends

- 6 -

that the trial court erred in reversing the hearing officer's conclusion that "the passage of time and the 2013 change of the Pennsylvania Child Support Guidelines amounts" entitled him to a review, *i.e.*, the refusal to review renders superfluous Pa.R.C.P. 1910.16-1(e) (providing for guideline review every four years) and Pa.R.C.P. 1910.19(a) (providing for guideline review due to change in circumstances and/or change to guidelines).

None of Father's arguments convinces us that the trial court erred in concluding that the child support amount as provided for in the parties' Agreement should not be lowered. We recognize that our Supreme Court's decision in **Nicholson v. Combs**, 703 A.2d 407 (Pa. 1997) (**Nicholson II**), reversed an aspect of this Court's **Nicholson I** decision, indicating that "parties who executed agreements on or after February 12, 1988, knew that both downward and upward modification [of child support] would be a possibility, and therefore they could negotiate their agreements relying on this proposition." **Nicholson II**, 703 A.2d at 413. **See also Patterson v. Robbins**, 703 A.2d 1049, 1051 (Pa. Super. 1997) (stating that "the trial court has the power to modify the terms of the agreement with regard to child support upward or downward based on 'changed circumstances'").

Furthermore, the trial court's reliance on **McClain** directly relates to the central issue raised here. In **McClain**, an agreement had been entered into at the time of divorce; however, in light of changed circumstances, the father sought a reduction of his child support obligation. He asserted an increase in living expenses due to his remarriage and the birth of a child. He

also claimed he could no longer work a second job. Based on the evidence presented, the court determined that even if the father's income would decrease, it would be equal to the amount he earned at the time he entered into the agreement. Thus, in affirming the denial of the father's request to lower the amount of support, this Court stated that "both the master and the [trial] court concluded that no change in circumstances that would allow for a lowering of the amount of support was evident, noting particularly that [the] [f]ather had not suffered a substantial, involuntary decrease in employment income." **McClain**, 872 A.2d at 863. Based on this discussion, we conclude that the **McClain** decision stands for the proposition that the change in circumstances must relate to the payor's ability to pay the amount he or she agreed to pay.

Likewise, this Court in **Boullianne v. Russo**, 819 A.2d 577 (Pa. Super. 2003), stated that:

> [A] family court's power to modify a support order downward is not precluded by the existence of an agreement upon which the support order is based. In [a] support action, … the payee may not claim that the [agreement] prevents the family court from modifying the order downward if such reduction is necessary to prevent payor from having to comply with an order that he cannot pay due to changed circumstances. Because failure to comply with a support order can lead to incarceration, the court must be able to reduce the amount if the payor establishes an inability to pay.

**Id.** at 580 (quotation marks and citations omitted).

Here, the changes in circumstances asserted by Father do not demonstrate his inability to pay the agreed upon amount. Therefore, we

- 8 -

conclude that Father failed to prove that he was entitled to a reduction in the amount of child support he must pay as set forth in the Agreement.

Father next presents arguments related to issues 2 and 5. In this portion of his brief, Father reiterates his cursory statement relating to Pa.R.C.P. 1910.16(e) and Pa.R.C.P. 1910.19(a). Specifically, he contends that both of these sections provide for periodic review of the amount of support to determine whether modification of the amount of support is warranted. Father also argues that because a court order, dated November 24, 2014, entered the parties' Agreement into the PACSES system, he was subjected to wage attachment and other enforcement remedies, while Mother benefitted from this arrangement. Father again discusses Mother's failure to report the changes in her income as required by Pa.R.C.P. 1910.17(b) (requiring parties to report any material changes relevant to the level of support). He also contends that the changes in income for both parties were substantial and warranted guideline reviews. To further support this assertion, Father relies on Pa.R.C.P. 1910.19(c), which states:

> Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented without regard to which party filed the petition for modification. If the trier of fact finds that there has been a material and substantial change in circumstances, the order may be increased or decreased dependent upon the respective incomes of the parties, consistent with the support guidelines and existing law, and each party's custodial time with the child at the time the modification petition is heard.

Taken together, Father appears to be suggesting that because the parties' Agreement was entered into the PACSES system, the Agreement no longer has any effect. However, he has not provided any supporting case law, statute, or rule that directs or even suggests that this Court conclude that the parties' Agreement is void under the circumstances here.

The trial court addressed Father's arguments, stating:

Father asserts that, by placing the Agreement on PACSES, he is entitled to a guideline support order. He argues that once the case is entered into PACSES, there is no longer a private case. Father claims that Mother benefits from the additional enforcement provisions available under PACSES and should have to "take the good with the bad." The [c]ourt disagrees. The Agreement Father signed was put into PACSES at Father's request as a convenience to him. The PACSES [o]rder specifically states under "Other Conditions" that "Case on the 11/25/14 court list to enter the private order dated 2/11/11." The Agreement does not simply vanish once it is placed on PACSES.

***

Parties to an agreement for child support cannot divest themselves of all obligations pursuant to that agreement merely by having it placed on the PACSES system in Motion's Court. The parties entered into a valid and binding contract under which Father agreed to pay child support of $1500 per [month] until the child is 18. The burden is on Father to prove by the preponderance of the evidence that a material and substantial change of circumstances has occurred which renders him unable to meet his support obligation.

TCO at 5, 6.

We concur with the trial court's reasoning. Moreover, we recognize that a hearing was held at which Father had the opportunity to present evidence of changed circumstances, showing his financial inability to

- 10 -

continue to make the payments to which he had agreed. He simply did not carry his burden of proving that he was entitled to such a reduction. Accordingly, we conclude that the trial court did not abuse its discretion in ordering that the amount of child support as stated in the Agreement should continue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016