588 A.2d 503

**Marlene KNORR, Appellant,**

v.

**Michael KNORR, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 28, 1990.

Decided April 4, 1991.

James M. Frey, Philip A. Fabiano, Riley & DeFalice, P.C., Pittsburgh, for appellant.

John Knorr, Pittsburgh, for appellee.

No brief for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

The parties to this action, Marlene and Michael Knorr were married on April 26, 1978 and later separated. Their union produced two children, Crystal and Melissa, whose support as outlined in their parent's settlement agreement is the subject of this litigation. As the record discloses an agreement was reached on June 2, 1986, which for the purposes of this opinion provided in relevant part as follows:

5. SUPPORT. Husband shall pay Wife the sum of Two Hundred ($200.00) Dollars per month support until such time as Husband is employed. When Husband becomes employed, he shall pay support according to the then current support guidelines of the Court of Common Pleas of Allegheny County, Pennsylvania.

9. PRESENTATION TO COURT. This agreement shall be presented to a court of competent jurisdiction in any action between the parties sounding in divorce with the request it be adjudicated to be fair, just and proper, and that it be incorporated by said Court as a part of the

Order of said Court in the final decree (but not merged with the final decree) entered in said proceeding.

A final decree was entered on August 11, 1986, which decree recited that "[t]he Agreement of the parties is attached hereto and made a part hereof." Subsequently when the husband appellee failed to meet his support obligations the wife appellant filed a complaint in support in the Court of Common Pleas of Allegheny County. In March of 1987, a court order was issued by consent of the parties wherein the appellee was required to pay $200.00 per month plus arrearages and was directed to search for employment. This order provided that it was enforceable by the court's contempt power and that the failure to comply would result in arrest and attachment of wages.

In December of 1987, appellant filed a petition to increase the support order, alleging that her former husband had obtained employment. Thereafter he filed a petition to reduce the order, alleging that he had been laid-off from work in November of 1987 and was not eligible for unemployment compensation. Prior to the hearing, the appellant moved to vacate the order setting a hearing date on Mr. Knorr's petition to reduce the order of support on the ground that the support order was not subject to reduction in that it was based upon a support agreement which was not subject to modification.

The trial court vacated the order setting a hearing date with regard to appellee's petition to reduce the support order, agreeing with the appellant that the order was not subject to reduction. The Superior Court reversed and remanded for further proceedings 380 Pa.Super. 11, 550 A.2d 1338.

The appellant argues that the settlement agreement entered into between the parties wherein a $200.00 level of support was established represents the minimum level of support and that a court may not issue an order for an amount less than that agreed to by the parties.

Recently our Superior Court in *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988), had occasion to discuss

the significance of settlement agreements in the context of child support arrangements, which agreements are incorporated but not merged into the final divorce decree. There the court held that:

> by renouncing merger and failing to have language in the decree requiring enforcement as a court order, the contract survives. In doing so, the parties reject the benefit of the provisions developed under the Divorce Code and the divorce procedures enunciated in the Civil Procedural Rules for contempt, attachment and payment of alimony on divorce.

Id., 378 Pa.Superior Ct. at 493, 549 A.2d at 165. The court in *Sonder* went on to state however that notwithstanding language rejecting merger, that visitation and custody matters would be enforced according to the best interests of the child and that as with support orders, only advisory effect would be given to the agreement but without binding effect on the court when it is not in the best interest of the child. *Sonder.*

Parties to a divorce action may bargain between themselves and structure their agreement as best serves their interests, *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981). They have no power, however, to bargain away the rights of their children, *Sonder v. Sonder, supra.* Their right to bargain for themselves is their own business. They cannot in that process set a standard that will leave their children short. Their bargain may be eminently fair, give all that the children might require and be enforceable because it is fair. When it gives less than required or less than can be given to provide for the best interest of the children, it falls under the jurisdiction of the court's wide and necessary powers to provide for that best interest. Id. It is at best advisory to the court and swings on the tides of the necessity that the children be provided. To which the *inter se* rights of the parties must yield as the occasion requires. In the instant case the mother appellant has chosen not to sue on their separation agreement, but has sought redress by complaint in the Family Court. In doing so she has forsaken her contract right to sue, seeking the

powers of the court for immediate relief.[1]  While such an option may provide swifter and more enforceable results, it becomes subject to the court and the court is not bound by their agreement.  In the exercise of its duty to provide for the best interests of the child, the court may order more than the agreement provides.  Hence for decision here, the appellant may prove before the Family Court a need for more than the agreement provides to supply the best interests of the children.[2]

Accordingly, the order of the Superior Court is affirmed and the matter is remanded to the trial court.

CAPPY, J., files a concurring opinion.

LARSEN, J., files a concurring and dissenting opinion.

CAPPY, Justice, concurring.

I concur in the result reached in the majority opinion.  I write separately only to emphasize the fact that the order providing for child support may be modified, either upward or downward, as the circumstances may dictate.

In June, 1986, the parties entered into a property settlement agreement which was incorporated but not merged into the Divorce Decree.  The support provision thereof provided that appellee was to pay two hundred dollars ($200.00) per month in child support until such time as he became employed.  Upon failure of appellee to pay the requisite amount of support, appellant petitioned the court

1.  As with contracts an action in assumpsit or for specific performance would be required and any resulting judgment would be enforced in accordance with Pa.R.C.P. 3001 to 3011 and 3101 to 3149 inclusive; and Pa.R.C.P. Equity Actions, Rule 1501, *et seq.*

2.  We note that the significance of merger in a divorce decree has been lessoned by the recent enactment of Section 401.1 of the Divorce Code which provides in relevant part as follows:  (a) A party to an agreement regarding matters within the jurisdiction of the court under this act, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement has been an order of court except as provided to the contrary in the agreement.  The use of these sanctions does not invalidate the agreement between the parents insofar as that agreement does not deny the children their right to adequate support.

and received an order of support in the amount previously agreed to by the parties. This order had been specifically made enforceable by the court's contempt powers. In December, 1987, appellant petitioned for an increase in the support order, alleging that appellee had obtained employment. Subsequently, appellee became unemployed and upon being unable to comply with the court's order, petitioned the court to modify the award downward. A single hearing date was set for both petitions. Prior to that date, appellant moved to vacate the order setting a hearing date on appellee's petition alleging that the support order was not subject to reduction because it was predicated on the parties support agreement which was not modifiable. The trial court agreed and denied appellee's petition. On appeal, the Superior Court reversed, finding that the order, which was subject to the contempt powers of the court, was modifiable, either upward or downward, as the circumstances so require. The Superior Court noted that appellee did not seek to modify the *agreement* entered into between the parties, rather he sought only to reduce the amount of the support *order* entered by the court in response to a separate and distinct petition filed by appellant.

While the majority agrees with the rationale of the Superior Court, it neglects to note that appellee is, therefore, entitled to have his petition to reduce support considered on its merits as is appellant entitled to present evidence of the need for an increase in the amount of support.

Accordingly, the order of the Superior Court reversing the order of the trial court summarily dismissing appellee's petition and remanding the matter for an evidentiary hearing should be affirmed.[1]

LARSEN, Justice, concurring and dissenting.

To the extent that the majority of this Court implicitly recognizes that parties to a settlement agreement which has

---

**1.** I would also emphasize, as did the majority, that the distinction between merger and incorporation of an agreement into a divorce decree has been virtually eliminated by the recent enactment of Section 401.1 of the Divorce Code.

been incorporated but not merged into a divorce decree have recourse to the family courts which may exercise full powers of attachment and contempt to enforce their agreements, I join in that part of the majority opinion. I disagree, however, that such a settlement agreement may be modified downward by the court that enters a support order on the basis of the agreement.

This issue was exhaustively, but in my view, incorrectly addressed by the Superior Court in *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988). I find the reasoning of the Honorable Phyllis W. Beck in that opinion to be persuasive, and, to the extent that it applies to the facts and circumstances herein, I adopt it in its entirety. *Id.* (Beck, J., concurring and dissenting). In pertinent part, Judge Beck stated:

> [B]y specifically eschewing merger, [the parties] attempted to ensure that their agreements ... would survive their divorce and would continue as separately enforceable obligations. In so doing, [the parties] attempted to ensure that their contractual obligations survived and that those contractual obligations, with limited exceptions could not be modified by action of the court.
>
> ... By agreeing that the agreement was to be incorporated in the decree, and then consenting to the entry of a decree that provided for such incorporation, the parties intended that in the event of a default under the agreement, remedies like contempt and attachment of wages would be available.

*Sonder*, 378 Pa.Super. at 537–38, 549 A.2d at 187.

The parties herein agreed to incorporate but not to merge their settlement agreement into the divorce decree. Thus, the parties clearly expressed their intention that the provision for child support was not to be modified downward, and that the agreement could be enforced by the remedies of contempt and attachment of wages. The contractual obligation which establishes a minimum level of child support survives, and appellant, Marlene Knorr, will be able to bring a contract action on the settlement agreement should

90

the trial court, on remand, revise its support order downward. The effect of the majority opinion is to compel duplication of judicial proceedings.

Accordingly, I would reverse the order of the Superior Court, and I would reinstate the order of the Court of Common Pleas of Allegheny County vacating its order setting a hearing date on appellee, Michael Knorr's Petition for Modification Downward.