J-S71018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACQUELINE SIMON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD MCCUSKER | : | |
| | : | |
| Appellant | : | No. 2125 EDA 2019 |

Appeal from the Order Entered June 18, 2019
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s):  2013DR01247,
Pacses 234114054

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 14, 2020**

Edward McCusker (Father) appeals *pro se* from the child support order addressing arrearages owed by Father to Jacqueline Simon (Mother).  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows:

Mother filed a complaint for support on June 21, 2013.

On August 15, 2013, Father was ordered to pay Mother $1500.00 for the support of their two minor children.

Thereafter, due to a criminal conviction, Father was incarcerated for approximately four and a half years, during which time the Support Order was suspended effective December 30, 2014.  He was incarcerated from May of 2014 until his release in September of 2018.  (N.T., 6/18/19, p. 9).

The parties entered into a Property Settlement Agreement dated September 12, 2016, in regards to their divorce, which was

officially docketed on September 30, 2016. This was incorporated as part of the final Decree in Divorce on March 20, 2017.

On February 6, 2019, by Order of this Court, the Honorable James M. McMaster, determined the non-financial obligation order, effective December 30, 2014, is to be reinstated as a charging support obligation through PACSES. Additionally, the order shall terminate and be arrears only, effective November 14, 2016 due to older child J.'s emancipation.

On March 8, 2019, this non-support matter was continued generally giving Father sixty days (60) to file a Petition for Modification.

On April 5, 2019, Father filed a "Petition for Modification/Termination of an Existing Support Order." Within his Pro Se petition, Father alleged that Mother owed him money [and] claimed that "she has lived in our jointly owned home without making a single payment for over 9 years." By the date of the hearing, Father no longer raised this argument.

On June 18, 2019, a hearing was held before the Honorable Leslie Gorbey, to address Father's repayment of arrearage, the amount of arrearage and his obligation to pay said arrearage. The current arrears balance is $39,075.69. There have been no payments since the order was reinstated.

Following said hearing, the Court so ordered on the same date the following: "NFOB [nonfinancial obligation] order to reinstate and all arrears/fees previously removed from PACSES are to be reinstated. After the Hearing this date, the order that had been charging $1500.00 per month for two children is to be modified retroactively and arrears balance adjusted as follows: Due to the emancipation of child J[T.], effective 8/1/15, child support reduces to $979.00 per month for the remaining child. Order then terminates, effective 11/14/16 due to the emancipation of child, J[A.]. Arrears/fees to be payable at $1500.00 per month until the balance has been paid in full. Case then to close." (Trial Court Order, 6/18/19).

On July 16, 2019, Father filed, Pro Se, a timely Notice of Appeal from the Support Order entered on June 18, 2019.

On July 19, 2019 Father filed, Pro Se, his Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 8/30/19, at 1-3.

At the outset, we recognize our standard of review:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that **the duty to support one's child is absolute**, and the purpose of child support is to promote the child's best interests.

**Samii v. Samii**, 847 A.2d 691, 694 (Pa. Super. 2004) (citations omitted) (emphasis added).

On appeal, Father states his issues, verbatim, as follows:

A. Did the trial court abuse its discretion and/or err as a matter of law and fact in entering the order reinstating the arrearages when [Mother] released all and any debts owed to her as stated in the Marital Settlement Agreement.

B. Did the Court err when they did not allow a "stay" in order for me to produce my business P&L statements?

C. Did the Court abuse their discretion when they did not consider the intent of the Settlement Agreement?

D. Did the Court err when they ruled that I owed ANY arrearages when it was precisely written into the settlement agreement that [Mother] released me of ANY and ALL debts owed to her?

E. Did the Court abuse their discretion by interfering with a settlement agreement which mutually released both parties of

ANY and ALL debt when it ordered I pay [Mother] monies she released me from?

F. Did the Court err on its interpretation of Pa. law regarding Settlement Agreements and their effect on support orders?

Father's Brief at 3-5 (suggested answers omitted).

Five of Father's six issues (A, C, D, E and F) are repetitive, and at their essence "center around the parties' property settlement agreement of September 12, 2016, and Father's assertion that it releases him from any child support obligation, including specifically the repayment of arrearage." Trial Court Opinion, 8/30/19, at 4. This argument is completely unavailing.

First, Father has conceded that the settlement agreement did not address child support. *See* N.T., 6/18/19, at 7. Further, it is well settled that the duty to support one's children is absolute. *See Depp v. Holland*, 636 A.2d 204, 206 (Pa. Super. 1994). Even if Mother had agreed in the marital settlement agreement to release Father from his child support obligation — including arrears — our Supreme Court has expressly stated that parents "have no power to bargain away the rights of their children." *Knorr v. Knorr*, 588 A.2d 503, 505 (Pa. 1991).

The trial court correctly explained:

Father's reference to [the] property settlement agreement in divorce, obfuscates the issues by mixing concepts of child support obligations with marital debt. For purposes of his argument he treats these as identical.

Pennsylvania law, however, draws a distinction between the legal obligation to provide support for one's children, and the separate rights and responsibilities for addressing valid marital

- 4 -

debt. The property settlement agreement deals only specifically with those issues necessary to finalize the parties' divorce.

\*\*\*

In this instance, as the record clearly demonstrates, and as uncontested by Father, a valid order of [child] support was originally entered in 2013. The order rendered Father an obligor. Irrespective of his failure to adhere, the order obligated Father as liable for child support payments.

Trial Court Opinion at 5.

For the above reasons, we find no merit to Father's argument that the trial court erred in finding that Father and Mother did not and could not "bargain away amounts accumulated for child support." *See*, e.g., N.T., 6/18/19, at 7.

In his remaining issue, "B", Father states that the court erred by failing to "allow a 'stay' in order for [Father] to produce [his] business P&L statements," because the statements "would prove" Father does "not have the ability to pay $1500 per month." Father's Brief at 3. Again, Father's issue lacks merit. Both the trial court and Mother counter that Father never requested a stay, and the record supports their contentions. *See* Trial Court Opinion, 6/18/19, at 10; Mother's Brief at 17.

Furthermore, the trial court emphasized that the parties were given "due notice of the hearing of June 18, 2019." N.T., 6/18/19, at 9. The trial court explained:

The support conference in this matter was scheduled and held on May 7, 2019. For both the conference and the hearing, the parties received the standard written Order as set forth in Rule 1910.27. As such, they were directed to provide, among other items, a true copy of their most recent tax return and the "Income Statement

and the appropriate Expense Statement" (enclosed with order) as required by Rule 1910.11(c). Father failed to provide the required information at either conference or hearing. Thus, Father, who filed the petition and sought no advance continuance, presumably had opportunity to gather whatever documents he believed to be necessary in support of his petition. Yet, when asked at the hearing whether he had brought stock certificates for his company, under cross by Mother's counsel, Father testified as follows:

> Q. But, sir, on this brochure, as you've said, this is a previous company. Whose name is on this brochure, front page?
>
> A. Well, it's me, because I took over in 2018.
>
> Q. Okay.
>
> A. That's me. I was president in 2018. It's a new company.
>
> Q. But I believe you said the numbers belong to the old company, but yet –
>
> A. The ones you're referencing in 2015, 2016, and '17, I've told you, that's previous to me.
>
> Q. But it is safe to assume that since your name is on this company, on the front page, as the CEO and president, that this is your company?
>
> A. No, sir.
>
> Q. It's not safe to assume?
>
> A. I'm an officer. There's plenty of presidents that don't own a company. I own 19 percent of the company. I swear. I'll supply the certificate to you.
>
> Q. You haven't brought any of the certificates?
>
> A. I didn't know what to bring[.]

(N.T., 06/18/19, pp. 22-23).

The record, including this sequence of testimony, is bereft of any stay request from Father. Father was represented by counsel at said hearing. However, during his testimony it became apparent Father failed to bring paperwork with him which he says would have supported his own petition. His assertion that he did not know what to bring is insufficient reason to excuse his burden. No specific assertion was offered to suggest Father was unable to access or produce documents for his own company at the hearing. In fact, testimony was presented by Mother casting doubt on Father's self-serving assertions. Emails from Father were introduced wherein he claimed to be actually a majority shareholder and CEO of this company. (N.T., 06/18/19, pp. 50-51). At the very least, Father is a business owner and shareholder in a company which has a contract with Dick's Sporting Goods Company. (N.T., 06/18/19, pp. 44-45).

Trial Court Opinion, 6/18/19, at 9-10.

Upon review, the record compel our finding that the trial court did not abuse its discretion court in concluding that Father failed to present "compelling evidence" of an inability to pay, and ordering Father to pay child support arrearages. *See id.* at 11.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20