J-S44019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

SALVATORE THOMAS DIBERARDO : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALICIA JEAN DIBERARDO :
:
Appellant : No. 2864 EDA 2022

Appeal from the Order Entered October 4, 2022
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): 2022-00366,
PACSES: 317301387

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 15, 2024**

Appellant Alicia Jean Diberardo appeals from the order awarding child support to Appellee Salvatore Thomas Diberardo. Appellant argues that the trial court's child support order violated the parties' post-separation settlement agreement. We affirm.

The trial court summarized the underlying facts of this matter as follows:

[The parties] are the parents of one (1) minor child (hereinafter "child" or "minor child"). [The parties] entered into a property settlement agreement (hereinafter "PSA"), filed with the court on October 20, 2020, in which the parties agreed not to pursue child support against one another for the support of the minor child. (N.T. 9/27/22 p.5, at 1). According to the parties' PSA, they both were to have shared custody of the minor. (N.T. 9/27/22 p.10, at 15-22). However, on March 8, 2022, nearly seventeen (17) months after the parties entered into their PSA, Appellee was

---

[*] Retired Senior Judge assigned to the Superior Court.

awarded primary custody of the minor child. (N.T. 9/27/22 p.10, at 10-14; 22-24).

Appellant has no overnight visitation with the minor child. (N.T. 9/27/22 p.10, at 22-23; p.15 at 24-25). Appellant contends that Appellee should indemnify Appellant because the PSA has an indemnification clause, and therefore support cannot be sought because the parties contracted against support. In addition, Appellant argues that either both parties mistakenly entered into the PSA believing that child support could not be sought, or in the alternative, Appellee knew that support could be sought and duped Appellant into believing that support could not be. (N.T. 9/27/22 p.7, at 13-16; p.19, at 19-20).

Appell[ee], filed for support on March 15, 2022. (N.T. 9/27/22 p.9, at 20-21). A conference for support was scheduled for April 12, 2022. Following the scheduled conference, a hearing for support was initially scheduled for May 9, 2022, later rescheduled to July 5, 2022, and then finally held on July 25, 2022. At the July 25, 2022 hearing, an order for the support of one child was entered. Appellant appealed the hearing officer's order of July 25, 2022, and the parties were ordered to appear for a hearing *de novo* on September 27, 2022.

A hearing was held before the undersigned on September 27, 2022, wherein both parties were represented by counsel, and an order, dated October 3, 2022, was issued of which Appellant[] now appeals.

Trial Ct. Op., 5/22/23, at 1-2 (some formatting altered).

Appellant filed a timely notice of appeal and complied with Pa.R.A.P 1925(b). The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did the court err by entering an award in favor of [Appellee] for child support after [Appellee] had entered into a valid and binding contract that stated that neither party would seek child support from the other, "based upon their income and the periods of physical custody each party exercises with the minor

child." *See* Post Separation Property Settlement Agreement, Article III, ¶ 1?

2. Did the court err by first ordering that the post separation property settlement agreement of the parties was a binding and enforceable contract, and then refusing to enforce that contract on the issue of child support?

3. Did the court err by not finding that the post separation property settlement agreement, specifically, Article III, ¶ 1, relating to child support, was a mutual mistake of law which should allow the Appellant restitution for any child support payments made pursuant to *First Nat'l Bank v. Rockefeller*, 5 A.2d 205, 207 (Pa. 1939) and *Rivera v. Leb. Sch. Dist.*, 2012 U.S. Dist. LEXIS 165410, 29 [(M.D. Pa. filed Nov. 20, 2012)]?

4. Alternatively, did the court err by not finding that the post separation property settlement agreement, specifically, Article III, ¶ 1, relating to child support was a deliberate and material misrepresentation by [Appellee] intended to induce [Appellant] to enter into the Post-Separation Property Settlement Agreement?

5. Did the court err by rendering a decision [that] is contrary to the substantial evidence and is an abuse of discretion?

6. Did the court err by rendering a decision [that] is in capricious disregard of the evidence of record in this matter?

Appellant's Brief at 6-7 (some formatting altered).

The standard governing our review of a child support order is follows:

[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute,

and the purpose of child support is to promote the child's best interests.

**M.E.W. v. W.L.W.**, 240 A.3d 626, 634 (Pa. Super. 2020) (citation omitted).

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." **E.R.L. v. C.K.L.**, 126 A.3d 1004, 1006 (Pa. Super. 2015) (citation and quotation marks omitted). Generally, a court determines child support using the support guidelines. **See** Pa.R.C.P. 1910.16-1 to 1910.16-7 (subsequently amended eff. Jan.1, 2022). "[T]here is a rebuttable presumption that the guideline-calculated support obligation is the correct support obligation." Pa.R.C.P. 1910.16-1(d); **see also Ileiwat v. Labadi**, 233 A.3d 853, 861 (Pa. Super. 2020).

Pennsylvania courts recognize that parents may enter agreements concerning child support but cannot "leave their children short." **Kraisinger v. Kraisinger**, 928 A.2d 333, 340 (Pa. Super. 2007) (quoting **Knorr v. Knorr**, 588 A.2d 503, 505 (Pa. 1991)). "Private support agreements are subject to contract principles and enforceable in an action at law for damages or in equity for specific performance. Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." **Sams v. Sams**, 808 A.2d 206, 211 (Pa. Super. 2002) (citations and quotation marks omitted). Therefore, if an agreement is fairly made and adequately provides for a child, a court may consider it binding on the parties. **Id.** However, a parent cannot bargain away the right of a minor child to adequate support from the other

parent. ***Id.*** An agreement concerning child support, "is at best advisory to the court[,]" and the court can consider whether the agreement adequately serves the needs of a child. ***Knorr***, 588 A.2d at 505. Additionally, the Divorce Code states that "[a] provision of an agreement regarding child support . . . shall be subject to modification by the court upon a showing of changed circumstances." 23 Pa.C.S. § 3105(b).

Following our review of the parties' briefs, the relevant law, and the trial court's conclusions, we affirm based on the trial court's opinion. ***See*** Trial Ct. Op. at 1-9. Specifically, we discern no abuse of discretion or error of law in the trial court's conclusion that Appellee was entitled to child support. ***See id.*** at 5-8; ***see also Kraisinger***, 928 A.2d at 340. Additionally, we agree with the trial court that Appellant's remaining claims are meritless. ***See*** Trial Ct. Op. at 8-9. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/15/2024

- 5 -

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA,
CIVIL ACTION - LAW**

| | | |
|---|---|---|
| SALVATORE THOMAS DIBERARDO, | : | |
| APPELLANT, | : | 2864 EDA 2022 |
| v. | : | TC Docket No. 2022-000366 |
| ALICIA JEAN DIBERARDO, | : | PACSES# 317301387 |
| APPELLEE. | : | |

**Hon. Atinuke B. Moss, J.**                                   **Date: May 22, 2023**

### OPINION

Appellant, Alicia Jean Diberardo ("Obligor"), appeals from the trial court's October 3, 2022 Order granting child support to Appellee, Salvatore Thomas Diberardo ("Obligee"). (*See* October 3, 2022, Order attached hereto at **EXHIBIT A**).

Appellant asserts four (4) issues of purported reversible trial court error (*See* Appellant's Statement of Matter Complained of On Appeal attached hereto as **EXHIBIT B**) based upon the trial court's October 3, 2022 Order in support. (*See* October 3, 2022, Order attached hereto at **EXHIBIT A**).

### I.    Background

Alicia J. Diberardo (hereinafter "Defendant", "Appellant", "Obligor") and Salvatore T. Diberardo (hereinafter "Plaintiff", "Appellee", "Obligee") are the parents of one (1) minor child (hereinafter "child" or "minor child"). Plaintiff and Defendant entered into a property settlement agreement (hereinafter "PSA"), filed with the court on October 20, 2020, in which the parties agreed not to pursue child support against one another for the support of the minor child. (N.T. 9/27/22 p.5, at 1). According to the parties' PSA, they both were to have shared custody of the minor. (N.T. 9/27/22 p.10, at 15-22). However, on March 8, 2022, nearly seventeen (17) months after the parties entered into their PSA, Appellee was awarded primary custody of the minor child. (N.T. 9/27/22 p.10, at 10-14, 22-24). Appellant has no overnight visitation with the minor child. (N.T. 9/27/22 p.10, at 22-23; p.15 at 24-25). Appellant contends that Appellee should indemnify Appellant because the PSA has an indemnification clause, and therefore support cannot be sought because the parties contracted against support. In addition, Appellant argues that either both parties

mistakenly entered into the PSA believing that child support could not be sought, or in the alternative, Appellee knew that support could be sought and duped Appellant into believing that support could not be. (N.T. 9/27/22 p.7, at 13-16; p.19, at 19-20).

Appellant, Salvatore Thomas Diberardo, filed for support on March 15, 2022. (N.T. 9/27/22 p.9, at 20-21). A conference for support was scheduled for April 12, 2022. Following the scheduled conference, a hearing for support was initially scheduled for May 9, 2022, later rescheduled to July 5, 2022, and then finally held on July 25, 2022. At the July 25, 2022 Hearing, an order for the support of one child was entered. Appellant appealed the Hearing Officer's order of July 25, 2022, and the parties were ordered to appear for a Hearing de novo on September 27, 2022.

A hearing was held before the undersigned on September 27, 2022, wherein both parties were represented by counsel, and an Order, dated October 3, 2022, was issued of which Appellant/Defendant now appeals.

## II. Appellate Standard of Review

When reviewing a support order, the Pennsylvania Superior Court's scope of review is broad. The applicable standard of review is an abuse of discretion or insufficient evidence to sustain the support order. *Rich v. Rich*, 967 A.2d 400, 405 (Pa. Super. 2009).

> The standard of review for modifications to a child support award is well settled. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Rich v. Rich*, 967 A.2d 400, 405 (Pa. Super. 2009) (citations omitted). Further, "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who

presided over the proceedings and thus viewed the witnesses firsthand." *Hogrelius v. Martin*, 950 A.2d 345, 348 (Pa. Super. 2008) (citation omitted).

Furthermore, the Pennsylvania Superior Court has stated:

The amount of a support order is largely within the discretion of the trial court, whose judgement should not be disturbed on appeal absent a clear abuse of discretion. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Kessler v. Helmick*, 449 Pa. Super. 113, 672 A.2d 1380, 1382 (1996) (quoting *Griffin v. Griffin*, 384 Pa. Super. 188, 558 A.2d 75, 77 (1989) (en banc)).

*See also Dennis v. Whitney*, 844 A.2d 1267, 1269 (Pa. Super. 2004), holding that:

A child support order will not be disturbed on appeal unless a trial court failed to consider properly requirements of rules of civil procedure governing actions for support or abused its discretion in applying rules; an "abuse of discretion" is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, discretion is abused.

## III. ANANLYSIS

Appellant generally contends that the trial court erred in not finding that the property settlement agreement precluded Appellee from seeking child support from Appellant. **See** Matters Complained of on Appeal letters (a) and (b). On the other hand, Appellant argues that should the trial court find that Appellant is permitted to seek support, that it was somehow a misunderstanding on behalf of both parties, or that Appellee tricked Appellant into thinking support could not later be sought. **See** Matters Complained of on Appeal letters (c) and (d). Lastly, Appellant asserts that the trial court rendered a decision that was in "capricious disregard" considering the weight of the evidence to the contrary. **See** Matters Complained of on Appeal letters (e) and (f). Yet, the Appellant provides the trial court no particulars or specifics of what fact(s) the trial court failed to consider. That is, the Appellant generally serially avers:

> **"The Court's decision is contrary to the substantial evidence and is an abuse of discretion."**
>
> **"The Court's decision is in capricious disregard of the evidence of record in this matter."**

This type of draftsmanship or assertion fails to inform the basis of the legal challenge to the court's ruling and forces the trial court to guess. As a result, the Appellant has waived the challenge premised upon the trial court's abuse of discretion. The appellant must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa. R.A.P. 1925(b)(4)(ii).7 Any "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa. R.A.P. 1925(b)(4)(vii); See also *Burgoyne v. Pinecrest Community Association*, 924 A.2d 675, 678 n.1 (Pa. Super. 2007) (stating that a Rule 1925(b) statement "must be detailed enough so that the judge can write a Rule 1925(a) opinion"); *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa. Super. 2004), aff'd, 924 A.2d 621 (Pa. 2007) (stating that a Rule 1925(b) statement which is too vague to allow the court to identify the issue raised on appeal is "the functional equivalent of no [c]oncise [s]tatement at all").

In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a). Appellant's Pa.R.A.P. 1925(b) statement fails, in parts, in this regard.

The compulsory requirement of adhering to Pa.R.A.P. 1925 is captured in the following excerpt from *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004)[1]:

"In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders

---

[1] Our law further makes clear that compliance with Pa.R.A.P. 1925(b) is not simply a matter of filing any statement. Rather, the statement must be concise and sufficiently specific and coherent as to allow the trial court to understand the allegation of error and offer a rebuttal. These requirements are evident in the following language from *Dowling*: When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. . . . While Lord and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that Lord should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, [a]ppellant's Concise Statement was not specific enough for the trial court to identify and address the issue [a]ppellant wished to raise on appeal. As such, the court did not address it. Because [a]ppellant's vague Concise Statement has hampered appellate review, it is waived. *Dowling*, 778 A.2d at 686-687 (citations and quotation marks omitted).

them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. Further, ... "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-[6]87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002). *Kanter*, 866 A.2d at 400."

The Pennsylvania Superior Court has held:

"There is a commonsense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion. While there is a middle ground that [an appellant] must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to home in on the issues actually being presented to the appellate court, see *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004), that is not an onerous burden to place on [an appellant]. It only requires using a little common sense. *Com. v. Reeves*, 907 A.2d at 2-3."

## DISCUSSION: APPELLANT'S ERRORS COMPLAINED OF ON APPEAL

a) **The Court erred by entering an award in favor of the plaintiff for child support after the plaintiff had entered into a valid and binding contract that stated that neither party would seek child support from the other, "based upon their income and the periods of physical custody each party exercises with the minor child." See, Post Separation Property Settlement Agreement, Article III, ¶1;**

Pennsylvania law recognizes that parents may enter into property settlement agreements that encompass the settling of marital assets, custody, and their continuing financial obligations to one another, with one such obligation being child support. However, agreements entered into, with even the best of intentions, may not be as incontestable as even the most amicable parties might

Page 5 of 9

anticipate. In <u>Reber v. Reiss,</u> 42 A. 3d 1131 (Pa.Super. 2012), the Superior Court confirmed that: "[i]n Pennsylvania, a parent cannot bind a child or bargain away that child's right to support." citing *Kesler v. Weniger*, 744 A.2d 794, 796 (Pa.Super. 2000). Nevertheless, the Superior Court has also held that "under <u>Roberts v. Furst,</u> 385 Pa. Super. 530, 561 A.2d 802 (1989), parties can make an agreement as to child support if it is fair and reasonable, made without fraud or coercion, and does not prejudice the welfare of the children." *Kraisinger v. Kraisinger*, 928 A.2d 333, 340 (Pa.Super.2007).

In <u>Kraisinger v. Kraisinger</u>, the parties drafted an agreement that settled other claims by either forgiving or reducing future support payments from the obligor spouse. *Id.* In doing so, the agreement obscured the line between an order for child support and a property settlement agreement. Hence, when the obligee wife wanted to modify support, the Court was forced to unravel what the parties' thought were settled issues. The principal question was whether or not wife, the obligee, was able to modify support though husband, the obligor, had satisfied the terms of their marital agreement. Husband argued that the terms of the marital agreement, and his adherence to said agreement, should preclude wife from filing for a modification in support. In reviewing the agreement, the Court reasoned that the contract was not in the best interest of the children since husband, the obligor, would have been paying less than the support guidelines require. Additionally, the Court asserted that mother, the obligee, is not able to set aside the support of the children in exchange for a payment in the equitable distribution matter. Ultimately, the Court found the agreement would prejudice a child's welfare, stating, "... a child's right to adequate support cannot be bargained away by either parent and any release or compromise is invalid."

Pursuant to child support guidelines and Pennsylvania caselaw, the trial court, in this matter, properly held that Appellee was entitled to an order in support. Therefore, the trial court's findings and support determination should be affirmed.

**b) The Court erred by first Ordering that the Post Separation Property Settlement Agreement of the parties was a binding and enforceable contract, and then refusing to enforce that contract on the issue of child support;**

This error complained of on appeal is simply a rearticulation of Appellants Concise Statement of Matters Complained of on Appeal, letter (a) above. *See* trial Court Answer/Response for letter (a). This Court recognizes that child support can sometimes be viewed as merely another financial obligation. Thus, in the context of divorce, it is easy to lose sight of its purpose and overlook the laws intended to protect that objective. However, the Pennsylvania Child Support

Guidelines are intended solely to guard the best interests and well-being of children and cannot be bargained away by either parent. Thus, the trial court, in this matter, properly held that Appellee was entitled to an order in support.

Therefore, the trial court's findings and support determination should be affirmed.

c) **The Court erred by not finding that the Post Separation Property Settlement Agreement, specifically, Article III, ¶1, relating to child support, was a mutual mistake of law which should allow the defendant restitution for any child support payments made pursuant to *First Nat'l Bank v. Rockefeller*, 333 Pa. 553, 5 A.2d 205, 207 (Pa. 1939) and *Rivera v. Leb. Sch. Dist.*, 2012 U.S. Dist. LEXIS 165410, 29.**

First Nat'l Bank v. Rockefeller, 333 Pa. 553, 5 A.2d 205, 207 (Pa. 1939) and its progeny are clearly distinguishable from this case. In First Nat'l Bank, the Court was concerned with the inherit unfairness of enforcing a contract, when a finding that the contract should not be enforced would merely return the parties to the status quo and neither party would be harmed as a result. The Court stated that "[I]t seems to us that a refusal to permit the correction of the mistake so made would grievously penalize and cause undeserved injury to the plaintiff for its careless but innocent error, and at the same time would result in an unjust enrichment of the defendants at plaintiff's expense." 333 Pa. 553, 556-558 (Pa. 1939) The Court further reasoned that the defendants "have not parted with anything of value to secure the advantage which they are now seeking to retain." *Id.* Thus, the Court held that a decree in favor of the defendants would "bestow upon them an unconscionable advantage to which they are not entitled, whereas to grant the relief sought merely places the parties in the positions held by them, before the mortgages were satisfied." *Id.* Because of the perceived "unconscionable advantage" the defendants would have in this case, the Court in First Nat'l Bank posited that "this is a case which presents equitable considerations which should move the conscience of a chancellor to correct the mistake that was made." *Id.*

Additionally, the Superior Court declared, in Price v. Shultz, that when granting relief against a mistake of law, "[W]e have examined most, if not all of the cases decided by our Supreme Court involving this question and have found none in which relief against a gross injustice resulting from an innocent mistake of law has not been granted where it could be done without doing injustice to others. . .". 85 Pa. Super. 78, 83. (Pa. Super. Ct. 1925). Conversely, in Miners Merchants Bank of Nanty-Glo Case, the Supreme Court refused relief because it so clearly appeared that restoration of the status quo of the parties was not possible. 313 Pa. 118, 169 A. 85 (Pa. 1933). The Court found, speaking by way of Justice Drew, that "we are not now called upon to consider the soundness of the

strict rule denying relief for a naked mistake of law, for it is fundamental that in order for a contract to be rescinded for this reason, it must be possible to return the parties to the same situation which they occupied before the agreement was entered into."

Unlike the aforementioned cases, Appellant's case falls within the category of cases that the strict rule denying relief for a naked mistake of law should apply. The parties in this matter, by way of subsequent court orders in custody, have had a significant change in circumstances since their property settlement agreement so that the status quo can not be restored. At the time of the PSA, the parties shared the equal responsibility for the care of the minor child. Nearly seventeen months after the parties entered into that agreement, Husband/obligee now shoulders the primary burden for the care of the minor child. As both the Supreme and Superior courts of Pennsylvania have consistently held, in order for a contract to be rescinded, it must be possible to return the parties to their original circumstances. That is clearly not the case here.

A court, in custody, has determined that it would be in the best interest of the minor child to be in the primary care and control of Husband, obligee. This scenario was not initially contracted for in the parties' PSA. Therefore, Appellant would be unjustly enriched should the property settlement agreement be strictly enforced, thereby leaving the minor child without the additional financial resource contemplated by the child support guidelines. The minor child's right to adequate support cannot be bargained away by either parent and any release or compromise should be deemed invalid. *Kraisinger v. Kraisinger*, 928 A.2d 333, 340 (Pa.Super.2007).

Therefore, the trial court's findings and support determination should be affirmed.

**d) Alternatively, the Court erred by not finding that the Post Separation Property Settlement Agreement, specifically, Article III, ¶1, relating to child support was a deliberate and material misrepresentation by the plaintiff intended to induce the defendant/appellant to enter into the Post-Separation Property Settlement Agreement.**

Appellant's averment is not supported by the record, and as such without merit. Appellant failed to produce a scintilla of evidence to prove this assertion. Rather, Appellant made unsubstantiated claims that since Appellee had counsel and Appellant did not, at the time of entering into the property settlement agreement, that Appellee and his counsel "knew" that the agreement was modifiable, thereby "duping" Appellant into entering into the contract. (N.T. 9/27/22 p.7, at 13-16; p.19, at 19-20). This unsupported assertion, would therefore require the additional assumption that Appellee knew he would eventually be awarded primary custody of the minor child. Not only does the trial court find this claim lacks credibility, but because the record

Page 8 of 9

lacks evidence to support this claim, the trial court is unable to file an intelligent response to this issue in an opinion pursuant to Pa.R.A.P. 1925(a).

Therefore, the trial court's findings and support determination should be affirmed.

### e) The Court's decision is contrary to the substantial evidence and is an abuse of discretion.

The trial court was unable to address Appellant's overly vague challenge. Trial court believes Appellant has waived challenge to this court's assessment of the support guidelines as it pertains to the October 3, 2022 Order in support in this matter. In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a). Appellant's Pa.R.A.P. 1925(b) statement fails in this regard.

The Appellant's averment that the trial court's determination is contrary to the substantial evidence and is thus an abuse of discretion, is again, without merit and not supported by the record. The trial court's findings and support determination should be affirmed.

### f) The Court's decision is in capricious disregard of the evidence of record in this matter.

See trial court answer/response to Appellants Concise Statement of Matters Complained of on Appeal, letter (e) above.

### CONCLUSION

Therefore, for all the foregoing reasons, Appellant's appeal should be denied, and the trial court's support order affirmed.

BY THE COURT:

ATINUKE B. MOSS, J.

Page 9 of 9